UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEO FINNEGAN CONSTRUCTION CO., INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST PLUMBING & PIPEFITTING INDUSTRY HEALTH WELFARE & VACATION TRUST; WASHINGTON STATE PLUMBING & PIPEFITTING INDUSTRY PENSION PLAN; LOCAL 26 SUPPLEMENTAL PENSION PLAN; LOCAL 26 JATC EDUCATIONAL DEVELOPMENT TRUST; MCI FUND; and PLUMBER & PIPEFITTERS NATIONAL PENSION PLAN,<br><br>Defendants. | No. 3:05-cv-05673-RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION |

**I.    Introduction**.

This matter comes before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction. [Dkt #6]. The Plaintiff, Leo Finnegan Construction Co, Inc. (the "Plaintiff"), asserts that the case should be remanded to the Pierce County Superior Court pursuant to 28 U.S.C. § 1447(c) because there was no federal question presented in the complaint at the time the petition for removal was filed.

The Plaintiff contracted with the City of Tacoma to serve as the general contractor on the construction of the Tacoma Police Department Headquarters Building (the "Project"). In compliance with RCW 39.08 *et seq.*, the Plaintiff posted a Performance Bond to the City of Tacoma (the "Public Works Bond") in order to

ORDER

protect payment to all Washington State laborers, mechanics, subcontractors and materialmen, as well as to the City of Tacoma. Plaintiff subsequently entered into a sub-contract agreement with Chapman Mechanical, Inc. ("Chapman") under which Chapman agreed to furnish and construct the mechanical portion of the Project. On November 12, 2004, Chapman went out of business and terminated its work on the Project. Plaintiff later discovered that Chapman had failed to pay its own subcontractors and suppliers from the progress payments received from the Plaintiff. Plaintiff then sued Chapman for breach of contract in the Pierce County Superior Court, and obtained a default judgment against Chapman.

On September 20, 2005, the Union Trusts (the "Defendants") made a demand on the Plaintiff for the amounts alleged to be due to them by Chapman under the terms of their collective bargaining agreements, and their trust agreements. Thereafter, on September 23, 2005, the Plaintiff filed a Complaint for Declaratory Relief in Pierce County Superior Court seeking a court order that the Defendants did not have any enforceable claims against the Plaintiff's Public Works Bond. *See* Civil Docket Entry No. 1, attachment 1, State Court Complaint. Then, on October 13, 2005, the Defendants filed a Notice of Removal to the United States District Court, Western District of Washington. *See* Civil Docket Entry No. 1, Notice of Removal. The Defendants contend that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of ERISA 514(a), 29 U.S.C. § 1144(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Defendants also allege that subject matter jurisdiction is proper under 28 U.S.C. § 1367. Precisely, the Defendants assert that jurisdiction is warranted because the Plaintiff's state law claims arise out of a common nucleus of operative facts, which relate to the Defendant's third-party claims filed against Chapman after removal.

**II.  Discussion**.

    **A.  Original Jurisdiction Under ERISA is Lacking.**

The Defendants claim that original federal question jurisdiction is proper under 28 U.S.C. § 1331, alleging that the Plaintiff's complaint is preempted by ERISA § 514(a), 29 U.S.C. § 1144(a). Although the Court's ERISA preemption decisions over the past decade or so have hardly followed a consistent or logical path,[1] the Ninth Circuit has routinely held that ERISA does not preempt actions brought by trusts for

---

[1] As recently as 2000, the Washington State Supreme Court held that ERISA preempted a union's RCW § 39.08 bond suit. *International Brotherhood of Electrical Workers, Local 46 v. Trig Electric Construction Co.*, 142 Wash.2d 431 (2000).

ORDER

delinquent contributions against public works bonds posted pursuant to state bond statutes. For instance, in the 2001 case of *Southern California IBEW-NECA Trust Funds v. Standard Industrial Electric Co.*, 247 F.3d 920 (9th Cir. 2001), the Court reviewed motions brought by a California school district and a general contractor to dismiss a stop notice, and payment of bond causes of action, on the ground that California's stop notice and payment bond remedies were preempted by ERISA. In holding that ERISA did not preempt trust claims for delinquent contributions made under a bond statute, the Court applied a two-part test first articulated in *Geweke Ford v. St. Joseph's Omni Preferred Care, Inc.*, 130 F.3d 1355, 1357 (9th Cir. 1997). Specifically, in order to determine whether ERISA would preempt a state law insofar as it "relates to" an employee benefit plan, the state law must either, (i) have a "connection with," or (ii) a "reference to" an employee benefit plan. *Southern California IBEW-NECA Trust Funds*, 247 F.3d at 925. A statute has an impermissible "connection with" ERISA when it implicates an area of core ERISA concern and jeopardizes national uniformity in plan administration. *Id.*; *Egelhoff v. Egelhoff*, 532 U.S. 141, 142 (2001). And a state statute has an impermissible "reference to" an employee benefit plan if it acts immediately and exclusively upon the plans, or if the plans are essential to the laws operation. *Id.*; *Southern California IBEW-NECA Trust Funds*, 247 F.3d at 925.

Similarly, in *Operating Engineers Health and Welfare Trust v. JWJ Contracting Co.*, 135 F.3d 671 (9th Cir. 1998), the Court examined whether ERISA preempted an Arizona payment bond remedy entitled, the Little Miller Act. The Court applied the two-part test illustrated in *Geweke Ford*, and held that Arizona's payment bond remedy was not preempted by ERISA because it did not have a "connection with," nor was it "related to," an employee benefit plan. The payment bond remedy did not require the establishment of a separate benefit plan, and imposed no new reporting, disclosure, funding, or vesting requirements for ERISA plans. *Id.* at 679.

Likewise, here, RCW 39.08 does not have the requisite "connection with" or "reference to" ERISA benefit plans to justify preemption. It does not regulate ERISA benefits, require the establishment of a separate benefit plan, or impose new requirements for ERISA plans. *Ironworkers District Council v. George Sollitt Corp.*, 2002 W.L. 31545972, (W.D. Wash.) Perhaps the statute could be construed as regulating the relationship between ERISA trust funds and the surety companies, but the Court has determined that "this intrusion of state law into ERISA territory is too 'tenuous, remote, or peripheral' to arouse preemption." *Id.*; *JWJ Contracting Co.*, 135 F.3d at 679.

ORDER

Nor does RCW 39.08 impermissibly make "reference to" an employee benefit plan. As the Court found in *Ironworkers District Council*, the statute does not refer to ERISA benefit plans, and the Washington legislature could not have intended such a construction because RCW 39.08 was enacted in 1909, long before ERISA. *Ironworkers District Council*, 2002 W.L. 31545972, (W.D. Wash.) Also, the statute applies whether or not the ironworkers participate in ERISA. And it regulates the enforcement of rights governed by state contract law, and therefore concerns a subject area traditionally left to the states. *Id.* RCW 39.08 seems even less "connected to" or "related to" ERISA benefit plans than the Little Miller Act in *JWJ Contracting*, which the Court found was not preempted by ERISA. As such, ERISA clearly does not preempt bond claims made under RCW 39.08, and this Court does not have original jurisdiction pursuant to ERISA § 514(a), 29 U.S.C. § 1144(a).

**B.     The Declaratory Judgment Act is Not a Basis for Original Jurisdiction**.

The Defendants also claim that original jurisdiction is proper under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Yet, the Supreme Court has held that the Declaratory Judgment Act is "procedural only," and does not extend the original jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 15 (1983). Furthermore, the Court has held that "to sanction suits for declaratory relief as within the jurisdiction of the District Courts . . . would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system, and distort the limited procedural purpose of the Declaratory Judgment Act." *Skelly Oil*, 339 U.S. at 673. This reasoning was affirmed by the Court in *Franchise Tax Board of California*. There, the Court held that federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment, or if *Skelly Oil* would bar jurisdiction if the plaintiff had sought federal declaratory relief. *Franchise Tax Board of California*, 463 U.S. at 2. Consequently, this Court does not have original jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

**C.     28 U.S.C. § 1367 Does Not Confer Original Jurisdiction Here**.

It is commonly understood that when removing a case from state court into the federal system, "[the] federal question must be presented by Plaintiff's complaint as it stands at the time the petition for removal is filed . . .it is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.

ORDER

Similarly, the Defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability." *Metro Ford Truck Sales, Inc. v. Ford Motor Company*, 145 F.3d 320, 326 (5th Cir. 1998); 28 U.S.C. § 1441. For this reason, original jurisdiction may not be acquired through a third-party complaint under ERISA against Chapman.

**D.     Plaintiff's Complaint Does Not Arise Under ERISA.**

The Defendants claim that the Plaintiff's right to relief depends upon whether ERISA preempts Washington public works lien statutes, thus posing a federal question, and a basis for removal to federal court under 28 U.S.C. § 1331. *See* Defendant's Response Memorandum, p. 3. However, in their Response the Defendants have admitted that the Plaintiff's complaint refers only to state law and not to ERISA, asserting that "the Trusts do not have valid enforceable claims." *Id*. Moreover, the Plaintiff states that Chapman claims it made all of its contributions to the Defendants for labor performed on the Project. Plaintiff believes that the Defendants applied these payments to Chapman's delinquent contributions owed on other projects, and that the Defendant's internal accounting is responsible for creating the alleged deficiency. Thus, Plaintiff's complaint is properly read as arguing that the Defendants do not have valid enforceable claims against Plaintiff's Public Works Bond because Chapman has paid all its debts for labor performed on the Project. Thus, the Plaintiff's complaint does not implicate ERISA.

**E.     Attorney's Fees Are Not Warranted**.

Under 28 U.S.C. § 1447(c) the decision to award attorney's fees if a motion to remand is granted is at the Court's discretion. The Court must determine whether the Defendant had objectively reasonable grounds to believe that removal was proper. The Court has considered the Defendant's arguments and has determined that such objectively reasonable grounds were present. An award of attorney's fees is not warranted.

The Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction is **GRANTED**.

DATED this 8TH day of December, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER